IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD A. CARLSON,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                  14-cv-248-wmc

TACTICAL ENERGETIC ENTRY SYSTEMS,
LLC, and MAXUM INDEMNITY COMPANY,

                              Defendants,
        and,

CITIES & VILLAGES MUTUAL INSURANCE
COMPANY,

                              Subrogated Party.

---

In this civil action, plaintiff Todd A. Carlson alleges that defendant Tactical Energetic Entry Systems, LLC ("TEES") was negligent and violated Wisconsin's safe place statute, Wis. Stat. § 101.11, in administering training as part of his employment as a police officer with the City of Superior Police Department.  Carlson also names TEES's insurer Maxum Indemnity Company (incorrectly captioned as Maxum Specialty Insurance Group on the complaint) ("Maxum"), as well as Carlson's insurer, Cities & Villages Mutual Insurance Company, as a subrogated party.  (Compl. (dkt. #1-1).) Invoking this court's diversity jurisdiction, defendants TEES and Maxum then removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1).  (Not. of Removal (dkt. #1) p.1 & ¶ 9.)  Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists,

1

defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.


OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 3.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Defendants' allegations as to TEES's citizenship prevent this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendants have not alleged sufficient information to determine whether complete

2

diversity exists here.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any of defendant TEES's members.  Instead, defendants allege it TEES is "a Mississippi limited liability company having its principal place of business in Horn Lake, Mississippi."  (Not. of Removal (dkt. #1) ¶ 7.)  The Seventh Circuit instructs that this information is wholly irrelevant in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, defendants will be given leave to file within 14 days an amended notice of removal which establishes subject matter jurisdiction by alleging the names and citizenship of each member of its LLC.  In alleging the LLC's citizenship, defendants should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged.  *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) defendants Tactical Energetic Entry Systems, LLC and Maxum Indemnity Company shall have until April 23, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 9th day of April, 2014.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge