IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TODD A. CARLSON,

                    Plaintiff,                    OPINION AND ORDER

  v.

                                                      14-cv-248-wmc

TACTICAL ENERGETIC ENTRY
SYSTEMS, LLC, and MAXUM
CASUALTY INSURANCE COMPANY,

                    Defendant,

  and

CITIES & VILLAGES MUTUAL INSURANCE
COMPANY,

                    Subrogated Party.

      There are three, closely related motions pending before the court in this case: (1) defendants Tactical Energetic Entry Systems, LLC and Maxum Casualty Insurance Company's motion to exclude plaintiff's expert witnesses or, in the alternative, amend the scheduling order (dkt. #16); (2) plaintiff Todd Carlson's motion to enlarge time for disclosure of expert witnesses and amend the scheduling order (dkt. #21); and (3) defendants' motion to strike plaintiff's amended expert disclosure (dkt. #24).  As explained below, plaintiff's near total failure to comply with Rule 26(a)(2) does not warrant relief.  Given that there is sufficient time in the schedule to allow for extensions of expert disclosure deadlines, however, the court will modify the scheduling order slightly.  In addition, as a sanction, plaintiff will be required to pay defendants' reasonable attorneys' fees and costs in bringing or responding to these three motions.

BACKGROUND

The preliminary pretrial conference order set a deadline of September 15, 2014, for plaintiff to disclose his experts, and November 1, 2014, for defendants to do the same. (5/20/14 Order (dkt. #14) ¶ 2.) These dates were the same dates proposed by the parties in their joint Rule 26(f) report. (Dkt. #13 p.3.)[1]

On September 17, 2014, plaintiff served his Rule 26(a)(2) disclosure, listing eleven medical experts by name, address and specialty, as well as the name of, and some contact information for, a liability expert. (Affidavit of Michael K. Roberts ("Roberts Aff."), Ex. C (dkt. #19-3).) Notwithstanding the straightforward requirements of Rule 26(a)(2)(B), plaintiff's disclosure failed to contain any information about the experts' opinions, the basis of those opinions, the facts or data considered in forming the opinions, exhibits used to summarize opinions, qualifications, list of all cases for which each expert provided testimony in the previous four years, or information about compensation received.[2] Even for so-called "treating physicians," plaintiff failed to provide a summary of the opinions and facts to which each witness expected to testify under Rule 26(a)(2)(C).

---

[1] While plaintiff represents that he proposed that "counsel waive[] the expert disclosure requirements of Rule 26 to allow for rudimentary discovery to be exchanged prior to disclosure," there is also no dispute that defendants refused. (Pl.'s Opp'n (dkt. #20) 2.)

[2] In fairness, the following day, September 18th, plaintiff supplemented his disclosure to provide the curriculum vitae and case list for the liability expert, John Tofte, but still failed to make the most important and substantive Rule 26(a)(2)(B) disclosures even as to Tofte. (Affidavit of Lukas J. Saunders ("Saunders Aff.") (dkt. #22) ¶ 11.)

In a letter dated, September 23, 2014, defendants alerted plaintiff to his failure to comply with Rule 26(a)(2). (Roberts Aff., Ex. D (dkt. #19-4).) On September 30, the parties held a telephonic conference to address plaintiff's inadequate expert disclosures, at which time defendants' counsel attested that "plaintiff's counsel could not provide a date upon which defendants could expect to receive the expert reports." (Roberts Aff. (dkt. #19) ¶ 7.) On October 8, 2014, defendants' counsel sent another letter reiterating his concern with the expert disclosures and indicating that if plaintiff failed to provide expert reports by October 13, 2014, defendants would file a motion to exclude all experts.

The next day, October 9, plaintiff's counsel responded by letter, indicating "[w]e have reached out to our designated [liability] expert for the information you demand, and are currently awaiting his reply." (Roberts Aff., Ex. F (dkt. #19-6) p.2.)[3] Plaintiff also explained that the expert preferred to base his opinion on sworn testimony, and so he would not provide a report until after receiving transcripts from Carlson's yet-to-be noticed deposition. (*Id.*) Plaintiff also explained that locating plaintiff's surgeon was proving difficult, but assured defendant that the medical expert would simply "connect the medical expenses to the accident," and, "[t]o that end, you have all the information

---

[3] What plaintiff failed to disclose was that two days earlier, on October 7, plaintiff's liability expert Jon Tofte provided hourly rate and minimum charge information to plaintiff's counsel, apparently for the first time. (*Id.* at ¶ 12.) Plaintiff then determined that his rate was too high. At some point thereafter, again without notice to defendants, plaintiff's office then contacted Dennis Skogen about serving as a liability expert, and was provided with his curriculum vitae and list of cases in which he has provided testimony. (*Id.* at ¶¶ 14-15.) Skogen, however, indicated that he would not provide a signed report until he had an opportunity to review Carlson's sworn deposition testimony. (*Id.* at ¶ 15.)

3

on which he would base his testimony, by virtue of released and authorizations provided by our client." (*Id.* at p.3.) After receiving no reports from plaintiff, defendants filed their motion to strike on October 20, 2014.

On October 21, 2014, plaintiff's counsel contacted plaintiff's primary care physician and received contact information for plaintiff's surgeon, Dr. Redmond. (Saunders Aff. (dkt. #22) ¶ 7.) On October 29, Dr. Redmond confirmed that he would serve as an expert witness and indicated that he was working on drafting a preliminary report. (*Id.* at ¶ 9.)

On November 3, 2014, plaintiff served defendants with an amended disclosure, listing John M. Redmond, MD and Dennis D. Skogen as expert witnesses. (Second Affidavit of Michael K. Roberts ("2nd Roberts Aff."), Ex. A (dkt. #26-1).) Plaintiff also attached Skogen's curriculum vitae and list of cases for which he has provided testimony. (*Id.*)

OPINION

I. **Plaintiff's Failure to Comply with Rule 26 Expert Disclosure Requirements**

Among other things, Rule 26(a)(2)(B) requires a party to provide a timely, detailed written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." The report "must contain":

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Even "if the witness is not required to provide a written report," the party still must disclose:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

The requirements of both Rule 26(a)(2)(B) and (C) are mandatory. *See Davis v. Delap*, No. 10-cv-674, slip op. at 2 (W.D. Wis. Oct. 3, 2011) (dkt. #58) ("A party does not get to pick and choose between the requirements of Rule 26(a)(2)(B) and Rule 26(a)(2)(C) based on what is convenient to him. If plaintiff has engaged the services of an expert, then plaintiff must not only disclose the name of his expert, he also must provide the defendants with a written report prepared by the expert witness and signed by the expert witness.").

5

As reflected in the record described above, plaintiff did not come close to complying with the requirements of Rule 26(a)(2). Unless plaintiff's counsel failed even to *read* Rule 26(a)(2) prior to defendants' filing of their first motion, it is almost impossible to imagine plaintiff could have thought the disclosure adequate.

While plaintiff's treating physician arguably does not need to provide a written report pursuant to Rule 26(a)(2)(B), plaintiff *still* failed to provide the necessary summary of facts and opinions under Rule 26(a)(2)(C) for that expert or any other treating physician from whom plaintiff seeks expert testimony. Even plaintiff's *amended* disclosure, which lists only Dr. Redmond as a treating physician expert, fails to provide the necessary summary under Rule 26(a)(2)(C).

As for the liability expert, plaintiff failed to comply with most of the requirements of Rule 26(a)(2)(B) in the original disclosure of Jon Tofte. Incredibly, plaintiff contends that he did not learn of Tofte's rate until October 7, 2014 -- several weeks *after* the disclosure deadline -- and at that point determined that Tofte was too expensive to be retained as an expert. Plaintiff filed an amended disclosure on November 3, 2014 -- seven weeks after his expert disclosure deadline and *after* defendants' deadline -- disclosing Dennis Skogen. Once again, however, plaintiff failed to comply with most of the requirements of Rule 26(a)(2)(B).

## II. Motion to Enlarge Deadline

Plaintiff now appears to recognize his failure to comply with Rule 26(a)(2), but argues that this failure is either justified or harmless. The court disagrees.

A. Lack of Justification

*First*, as to Dr. Redmond, plaintiff contends that the inadequate disclosure is due to difficulty in locating Redmond. Plaintiff's counsel is notably imprecise in terms of timing, but it does not matter, since plaintiff's counsel acknowledges not contacting Carlson's primary care physician until October 7th -- several weeks after the disclosures were due -- in an attempt to secure his testimony as "Plan B" or to seek assistance in locating Dr. Redmond. Plaintiff makes no excuse for his lack of candor as to Redmond's tentative involvement in the case, nor does he attempt to show that he was diligent in attempting to locate Dr. Redmond in advance of the expert disclosure. Finally, despite having located and secured Redmond's testimony on October 22, 2014, plaintiff has *still* not provided the necessary information under Rule 26(a)(2)(C). Indeed, the record demonstrates an utter lack of diligence either to address the deficiencies in plaintiff's disclosures *or* to amend the scheduling order.

*Second*, with respect to the liability expert, plaintiff's counsel's failure to learn the originally-named expert's rates until *after* purporting to retain him and listing him as an expert in the September 17 disclosure is incredible on its face, and even if true, wholly inexcusable. Either way, it suggests no arguable justification for plaintiff's untimely disclosure of a second expert, seven weeks after the deadline. To make matters worse, defendant's *amended* disclosure also fails to satisfy the requirements of Rule 26(a)(2). Plaintiff's excuse for this failure -- that his expert will not provide a report until after he reviews Carlson's sworn deposition testimony -- is absurd. Skogen is *plaintiff's* expert. There is *no* barrier to him simply talking to plaintiff and plaintiff recounting the events

7

leading up to his injury. If Skogen really required sworn testimony, plaintiff could have simply provided an affidavit or declaration. Moreover, to countenance such an excuse would inhibit the orderly, efficient disclosure of experts in most cases.

### B. Harm

All plaintiff has left to excuse his failure to comply with Rule 26(a)(2) is "harmlessness." A district court may exercise its considerable discretion in determining whether an untimely disclosure of expert testimony was harmless but should consider the following four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar*, 324 F.3d 857, 857 (7th Cir. 2008).

As for the *first* factor, defendants plainly are prejudiced by plaintiff's inadequate disclosures. *See Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (affirming district court's order striking expert witness, finding failure not harmless because defendant "had a right to know the conclusions of these particular expert witnesses with respect to this particular accident"). Plaintiff cannot simply state that the opinions (when eventually revealed) will be consistent with his theory of the case to ameliorate that prejudice. This argument, too, is absurd. Defendant's deadline for disclosing their own experts has now lapsed without receipt of plaintiff's disclosures. Even if the court were inclined to give relief from that deadline, each passing day denies defendant time budgeted for expert rebuttal.

As for the *fourth* factor, the seemingly flippant attitude of plaintiff's counsel toward the requirements of Rule 26(a)(2) and his attempt to pin the blame on defendants by pointing to their "failure" to raise the expert disclosure issue one last time in a letter concerning Carlson's deposition (Pl.'s Opp'n (dkt. #20) 10 & n.1) strongly suggests, if not bad faith, then at least a willful disregard of the Federal Rules of Civil Procedure and this court's scheduling order.

As for the second and third factors, plaintiff is correct that there is still time between now and the close of discovery in April 2015 and the trial set for August 2015 to complete expert discovery and dispositive motions. Accordingly, the court is in a position to amend the scheduling order to provide additional time for disclosures of experts on both sides without disrupting the trial date. While plaintiff has failed to show good cause under Rule 16 for amending the scheduling order, the court is also mindful that striking experts would likely undermine plaintiff's case and is reluctant to take this extreme step.

### III. Sanctions

Considering all these factors, the court will amend the scheduling order as follows:

- Plaintiff's expert disclosures **in complete compliance with Rule 26(a)(2)** are due on or before November 21, 2014;
- Defendants' expert disclosures are due on or before January 16, 2015;
- Dispositive motions are due on or before February 13, 2015.

All other deadlines and dates remain firmly in place.

While the court opts not to strike plaintiff's experts from providing testimony altogether, pursuant to Fed. R. Civ. P. 37(c)(1), the court *will* sanction plaintiff by requiring payment of defendants' reasonable attorneys' fees and costs in having to bring and respond to these motions. Further failures of plaintiff to comply fully with the Federal Rules of Civil Procedure and this court's scheduling order may well incur further sanctions as described in Federal Rule of Civil Procedure 37(b)(2).

ORDER

IT IS ORDERED that:

1) defendants Tactical Energetic Entry Systems, LLC and Maxum Casualty Insurance Company's motion to exclude plaintiff's expert witnesses or, in the alternative, to amend the scheduling order (dkt. #16) is GRANTED IN PART AND DENIED IN PART as explained above;

2) plaintiff Todd A. Carlson's motion to enlarge time for disclosure of expert witness and amend the scheduling order (dkt. #21) is DENIED AS MOOT;

3) defendants' motion to strike plaintiff's amended expert disclosure (dkt. #24) is also DENIED AS MOOT;

4) the pretrial conference order (dkt. #14) is amended as follows: (a) plaintiff's expert disclosures are due on or before November 21, 2014; (b) defendants' expert disclosures are due on or before January 16, 2015; and (c) dispositive motions are due on or before February 13, 2015; and

5) by December 1, 2014, defendants shall submit their request for fees and costs; plaintiff may have until December 15, 2014, to file any response to that request.

Entered this 13th day of November, 2014.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge